CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 1 4 2019

JULIA C. DUDLEY, CLERK
BY: ~~~~~~~~~~
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No.: 4:18-cr-00012 |
| v. ) | |
| ) | |
| ) | |
| DASHAWN ROMEER ANTHONY, ) | |
| et al., ) | |
| ) | By:  Michael F. Urbanski |
| Defendants. ) | Chief United States District Judge |

## ORDER

This matter comes before the court on defendant Jermay Antonio Smith, Jr.'s motion to sever his trial from the group trial and try him in a separate proceeding. ECF No. 287. The government responded on April 11, 2019. ECF No. 299. The court heard argument on April 29, 2019. ECF No. 319.

Smith argues three reasons in favor of severance: (1) Smith was a juvenile during most of the events alleged in the indictment, meaning evidence of these crimes would not be admissible against him in a separate trial and so would prejudice him in a joint trial; (2) Smith is not alleged to have held a leadership position and thus has a markedly lower level of alleged culpability; and (3) Smith is not alleged to have been involved in one of the two unrelated shootings that form the core of this case. ECF No. 287. He argues that joinder with defendants charged in an unrelated shooting will confuse the issues before the jury. Id. at 11. He asks the court exercise its discretion to sever Smith and try him separately.

"In general, defendants who are indicted together are tried together." United States v. Zelaya, 908 F.3d 920, 924 (4th Cir. 2018). Federal Rule of Criminal Procedure 14(a),

however, allows severance where a joint trial "appears to prejudice a defendant or the government." A "district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). In United States v. Chavez, 894 F.3d 593, 605 (4th Cir. 2018), the defendant requested severance on the ground that his joint trial would include evidence of violent racketeering activity in which he was not directly involved. The district court denied Chavez's motion; the Fourth Circuit upheld this denial, finding that, as each defendant had been charged with involvement in at least one murder, any prejudice "stemming from dramatically different degrees of culpability was especially unlikely." Id.

The Fourth Circuit has held that the Federal Juvenile Delinquency Act "does not . . . prevent an adult criminal defendant from being tried as an adult simply because he first became embroiled in the conspiracy with which he is charged while still a minor." United States v. Spoone, 741 F.2d 680, 687 (4th Cir. 1984). However, the court has jurisdiction over Smith's conspiracy charge only so long as the prosecution "offer[s] evidence to show that the conspiracy, as well as his involvement in it, continued past his eighteenth birthday." Id. Specifically, the prosecution must show that "the defendant engaged in some overt act indicating his ratification of the conspiracy after attaining his majority." United States v. Claiborne, 92 F. Supp. 2d 503, 514 (E.D. Va. 2000) (citing Spoone, 741 F.2d 680 at 687; United States v. Strothers, 77 F.3d 1389, 1391–92 (D.C. Cir. 1996)). Evidence related to the defendant's activity in the conspiracy before his 18th birthday is admissible for the limited

2

purpose of showing the existence of the conspiracy and Smith's knowledge of that conspiracy. Spoone, 741 F.2d at 687.

The court understands the legal effect of Smith's juvenile status on many of the alleged events of the indictment and will issue a limiting instruction to the jury regarding the specific purposes for which they may consider evidence of Smith's actions before he reached majority. However, Smith's alleged involvement in this conspiracy continued after his 18th birthday with his alleged role in the murder of Christopher Motley. ECF No. 5, at 14. This involvement is sufficient to ratify his role in the conspiracy that began while he was a minor and more than sufficient to show that Smith's alleged conduct "does not involve markedly different culpability" from his co-defendants. Zelaya, 908 F.3d at 929 [internal citations omitted].

The Fourth Circuit enforces a heavy presumption in favor of trying together defendants who are indicted together. Zelaya, 908 F.3d at 924. See Chavez, 894 F.3d at 605; United States v. Dinkins, 691 F.3d 358, 368 (4th Cir. 2012). Smith is a legal adult, and had already become so at the time he allegedly committed the "ratifying act" of violent crime in aid of racketeering—the murder of Christopher Lamont Motley. ECF No. 5, at 14. Smith's alleged conduct after he reached the age of majority is sufficient to warrant his trial with his co-defendants.

For the above stated reasons, defendant's motion is **DENIED**.

It is **so ORDERED**.

3

Entered: 05-14-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge